**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4443**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUOVARTIS SPENCER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:21-cr-00068-MOC-DSC-1)

Submitted:  October 18, 2022                    Decided:  November 4, 2022

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quovartis Spencer appeals the 30-month prison sentence and 3-year term of supervised release imposed following his guilty plea, pursuant to a written plea agreement, to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).     On appeal, Spencer argues that the district court erred by (1) imposing 22 discretionary conditions of supervised release in the written judgment that were not orally pronounced at sentencing, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020); and (2) inadequately explaining its rationale for imposing five of the discretionary supervised release conditions.  We affirm in part and dismiss in part.

As an initial matter, the Government contends that the appeal waiver in the plea agreement bars Spencer's claim challenging the adequacy of the district court's explanation of his sentence.  "When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  "We review the validity of an appellate waiver *de novo*." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021).  "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Id*. (internal quotation marks omitted).  "When a district court questions a defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *Boutcher*, 998 F.3d at 608.

2

Spencer does not assert on appeal that the appellate waiver was not knowing or intelligent or that his agreement to the waiver was in any way involuntary. Our review of the plea hearing transcript confirms that Spencer was competent to plead guilty and that he understood the terms of the plea agreement, including the appellate waiver. Therefore, the waiver is valid and enforceable. Moreover, Spencer's challenge to the district court's explanation of imposing certain supervised release conditions falls within the waiver's scope. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (recognizing that claim "that the district court erred in the process by which it sentenced [a defendant] to the financial conditions on his supervised release . . . would be covered by the appeal waiver"); *see also United States v. Andis*, 333 F.3d 886, 893-94 (8th Cir. 2003) (holding that claim that district court failed to impose supervised release conditions reasonably related to 18 U.S.C. § 3583(d) factors did not allege "illegal" sentence outside scope of appeal waiver).

Next, turning to Spencer's claim that the district court failed to orally pronounce the 22 discretionary conditions of supervised release imposed in the written judgment, a court may satisfy the obligation to pronounce supervised release conditions at sentencing through incorporation. *Rogers*, 961 F.3d at 299-30; *see Singletary*, 984 F.3d at 345-46. Here, the corrected sentencing hearing transcript reveals that the district court explicitly incorporated its own standing order, which included the 22 challenged conditions. (S.J.A. 21).* On this record, we conclude that the district court did not violate *Rogers* when it imposed Spencer's supervised release conditions.

---

* "S.J.A." refers to the supplemental joint appendix.

Accordingly, we affirm the criminal judgment as to the imposition of the 22 discretionary conditions of supervised release, and dismiss Spencer's appeal as to adequacy of the district court's sentencing explanation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*